REQUESTED BY: Dear Senator Haberman:
You have requested the opinion of this office regarding the constitutionality of legislation under consideration to prohibit the use of State tax funds for the benefit or welfare of any person or persons who are not United States citizens.
Such legislation would be unconstitutional. Ostensibly it could be challenged on several constitutional grounds, however, it clearly violates the Fourteenth Amendment to the United States Constitution. Said amendment provides in pertinent part:
 ". . . [N]or shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
The term `person,' within the above quoted provision, encompasses resident aliens as well as citizens; both are entitled to equal protection of the laws of the State in which they reside. Graham v. Richardson, 403 U.S. 365,371 (1971). The Supreme Court has held that classifications by a State that are based on alienage are suspect classifications, subject to close judicial scrutiny. Nyquist v.Mauclet, 432 U.S. 1, 6 (1977). A state law which discriminates against resident aliens will only withstand constitutional challenge if it advances a legitimate and substantial state interest and if the means adopted are necessary and precisely drawn.
In Graham v. Richardson, supra, the Supreme Court held unconstitutional state laws which denied welfare benefits to resident aliens or to aliens who had not resided in the United States for a specified number of years. Further, in Nyquist v. Mauclet, supra, the Court struck down, as violative of the equal protection clause of theFourteenth Amendment, a state law barring certain resident aliens from state financial assistance for higher education.
Based on the above legal authorities, it is our opinion that the legislation you are considering is clearly unconstitutional.